## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| GOODSON & COMPANY, LTD. ATTORNEYS AND COUNSELORS AT LAW, an Ohio corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> ECLINICALWORKS, LLC, <br><br> Defendant. | Civil Action No. 1:18-cv-34 <br><br><br><br><br><br> **CLASS ACTION COMPLAINT** |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff Goodson & Company, Ltd. Attorneys and Counselors at Law ("Goodson & Company" or "Plaintiff") alleges the following against Defendant EClinicalWorks, LLC ("EClinicalWorks" or "Defendant"):

### PRELIMINARY STATEMENT

1.   This case involves the sending of unsolicited advertisements via facsimile.

2.   The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227.

3.   EClinicalWorks sent documents to Goodson & Company on February 4, 2014 via facsimile (the "EClinicalWorks Fax"). A copy of the EClinicalWorks Fax is attached hereto as Exhibit A.

4.   The receipt of an unsolicited advertisements via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself. A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business.

Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5. The claims of Goodson & Company and the other recipients of the EClinicalWorks Fax are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining EClinicalWorks, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500.00 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

7. This Court has personal jurisdiction over EClinicalWorks because EClinicalWorks transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

8. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9. Goodson & Company is a corporation registered in the State of Ohio that operates a law practice in Cincinnati, Ohio.

10. EClinicalWorks, LLC is a Massachusetts corporation that sells practice management software from its principal place of business in Westborough, Massachusetts.

## FACTS

11. EClinicalWorks sent material to Goodson & Company via its office facsimile machine that promoted the commercial availability or quality of EClinicalWorks's products on February 4, 2014.

12. EClinicalWorks receives some receives some or all of the revenues from the sale of the products, goods and services advertised in the EClinicalWorks Fax, and Defendants profit and benefits from the sale of the products, goods and services advertised in the EClinicalWorks Fax.

13. EClinicalWorks did not seek or obtain permission from Goodson & Company to send ads to Goodson & Company's fax number/fax machine prior to doing so.

14. The EClinicalWorks Fax did not contain an opt-out notice that complied with the requirements of the JFPA.

15. Based on information, belief, and the appearance of the EClinicalWorks Fax itself, EClinicalWorks sent the EClinicalWorks Fax to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

16. In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Goodson & Company brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Classes are the Defendant, is employees, agents and members of the Judiciary. Goodson & Company seeks to certify a class which include but are not limited to the fax advertisements sent to Plaintiff. Goodson & Company reserves the right to amend the class definition upon completion of class certification discovery.

17. <u>Numerosity</u>: Based on information, belief, and the appearance of the EClinicalWorks Fax, the number of putative class members exceeds forty. Facsimile advertisements are typically sent to hundreds if not thousands of persons. The joinder of such a large group of persons in a single lawsuit would be impracticable.

18. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

> (a) Whether the EClinicalWorks Fax constitutes an "unsolicited advertisement" within the meaning of the JFPA;
>
> (b) How EClinicalWorks compiled or obtained the list of fax numbers to which the EClinicalWorks Fax was sent;
>
> (c) Whether EClinicalWorks obtained "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the EClinicalWorks Fax;
>
> (d) Whether the EClinicalWorks Fax contained opt-out notices that complied with the requirements of the JFPA;
>
> (e) Whether EClinicalWorks violated the JFPA and the regulations promulgated thereunder with regard to the EClinicalWorks Fax; and
>
> (f) Whether EClinicalWorks sent the EClinicalWorks Fax intentionally, knowingly, or willfully.

19. <u>Typicality:</u> Goodson & Company's claims are typical of the claims of the putative class members. Goodson & Company is asserting the same claim under the same

federal statute as the other members of the putative class. Goodson & Company is also seeking the same relief for itself and the other members of the putative class.

20. <u>Adequacy</u>: Goodson & Company will fairly and adequately represent the interests of the putative class members. Goodson & Company has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

21. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a) Goodson & Company's claim depends on the same factual and legal issues as that of the putative class members;

    (b) the evidence supporting EClinicalWork's likely defenses will come solely from EClinicalWork's own records and will not require any information or inquiries from individual class members;

    (c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

    (d) the identity of the putative class members can be readily ascertained from EClinicalWork's or its agents' computer records, phone records, or other business records.

22. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b) the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

    (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

(d) the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## **CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA**

23. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

24. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

25. EClinicalWorks sent the EClinicalWorks Fax to the facsimile machines of Goodson & Company and numerous other persons.

26. The EClinicalWorks Fax promoted the commercial availability and/or quality of the goods and/or services of EClinicalWorks.

27. EClinicalWorks did not obtain prior express invitation or permission from Goodson & Company before sending the EClinicalWorks Fax to Goodson & Company's fax number/fax machine.

28. EClinicalWorks' conduct has caused Goodson & Company and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Goodson & Company, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant EClinicalWorks, LLC as follows:

(1) that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Goodson & Company as the representative of the class, and appoint Goodson & Company's counsel as counsel for the class;

(2) that the Court award actual or statutory damages to Goodson & Company and the other members of the class for each violation of the JFPA by EClinicalWorks;

(3) that the Court enjoin EClinicalWorks from additional violations of the JFPA; and

(4) that the Court award Goodson & Company pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

GOODSON & COMPANY, LLC, ATTORNEYS AND COUNSELORS AT LAW, individually and as the representative of a class of similarly-situated persons,

*/s/Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW W. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, OH  45202
Telephone: 513-241-4722
Facsimile: 513-241-8775 (fax)
Email: gjonson@mrjlaw.com
          mstubbs@mrjlaw.com